JUSTICE WHEAT,
dissenting.
¶44 I respectfully dissent from the majority. I would reverse and remand because the Taxpayers have standing to go forward with the lawsuit against Glacier County. In my opinion, the majority improperly finds that the Taxpayers have failed to allege an injury.
¶45 The majority’s attempt to distinguish Helena Parents Comm’n is unavailing. The majority distinguishes the case at hand from Helena Parents Commission on two grounds: (1) the foremost issue in Helena Parents Commission was not whether an alleged injury had occurred, and (2) the plaintiffs in Helena Parents Commission alleged a quantifiable injury. Opinion, ¶ 36. As to the first ground, whether the issue was the foremost issue in the case is irrelevant. The Court in Helena Parents Commission concluded that the plaintiffs had alleged an injury to satisfy the standing requirement. Helena Parents Comm’n, 277 Mont. at 372, 922 P.2d at 1143.
¶46 As to the second ground, Helena Parents Commission’s conclusion that the plaintiffs had standing is akin to the case at hand. The Court stated “plaintiffs alleged that the government will impose tax burdens on them as it seeks to recoup losses and that the investments will result in a lessening of governmental services. These allegations of an economic injury satisfy the injury requirements.” Helena Parents Comm’n, 277 Mont. at 372, 922 P.2d at 1143. Here, Taxpayers alleged a similar economic injury. Taxpayers alleged that the mismanagement of public funds by the County will impose additional tax burdens on them or reductions in public services to compensate for any deficits. In my opinion, based on Helena Parents Commission, the Taxpayers have alleged an actual threatened injury sufficient to allow them to proceed with their case.
¶47 To justify their reasoning, the majority picks and chooses specific facts from the audits. The majority focuses only on the “Total Government F unds” balance but does not consider any other part of the audits. Opinion, ¶ 37. The majority concludes based on this that the Taxpayers have not met the injury requirement to have standing. Such analysis is misleading. For example, the audits revealed “material weaknesses” and “significant deficiencies” in the County’s management *138 of public funds that provide public services. The audits specifically stated, “[flor fiscal year 2014, the County does not have adequate resources to meet current liabilities causing a deficit fund balance.” Additionally, the Taxpayers point to eight serious deficiencies highlighted in the audits that have continued throughout several years in their complaint.
¶48 The majority’s conclusions about the validity of the audit should be left to a jury, not a judge. Based on the deficiencies found within the audits, the Taxpayers should be afforded the opportunity to fully explore and develop the alleged mismanagement of public funds. Standing requirements should not be barriers to justice. Thus, in my opinion, based on Helena Parents Commission and the deficiencies noted in the audits, the Taxpayers have alleged an injury that is not so speculative that we should reject it outright so as to deny Taxpayers the opportunity to purse their claims.
¶49 For these reasons, I dissent.